IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Virginia A. Johnson, | ) | Civil Action No. 3:05-834-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Department of Juvenile Justice and Wally Godbolt, Jr., | ) ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed her complaint on March 17, 2005. She alleges that she was subjected to sexual harassment and retaliation in violation of Title VII and the South Carolina Human Affairs Law. She alleges that the sexual harassment was committed by Wally Godbolt, Jr., a supervisor. Plaintiff alleges supplemental claims for intentional infliction of emotional distress and negligence (failure to provide a safe workplace). South Carolina Department of Juvenile Justice ("DJJ") filed a motion to dismiss these two supplemental claims based upon the exclusivity provisions of the South Carolina Worker's Compensation Act ("SCWCA"). Plaintiff failed to respond to the motion.

A hearing was held on September 23, 2005. Plaintiff's counsel would not agree to voluntarily dismiss these claims, declined to consent that this motion be ruled on by the undersigned, and when given the opportunity to make an argument in opposition to the motion, declined to do so, but sought leave to file a memorandum. Therefore, this Report and Recommendation is entered for the court's consideration.

Under the SCWCA, an employee's claims against an employer for personal injury by negligence or as the result of an intentional tort are barred by the exclusive remedy provided under the SCWCA. S.C. Code Ann. § 42-1-540;[1] Dickert v. Metropolitan Life Ins. Co., 411 S.E.2d 672 (S.C.App. 1991), aff'd in part and rev'd on other grounds in part, 428 S.E.2d 700 (S.C. 1993); Taylor v. Cummings Atlantic, Inc., 852 F. Supp. 1279 (D.S.C. 1994), aff'd, 1995 WL 88957, 48 F.3d 1217 (4th Cir. March 6, 1995)[Table], cert. denied, 516 U.S. 864 (1995) (SCWCA provided former employee with exclusive remedy against employer for claim of intentional infliction of emotional distress); Peay v. U.S. Silicia Co., 437 S.E.2d 64 (S.C. 1993) ("only those injuries inflicted by an employer who acts with a deliberate or specific intent to injure are exempted from the exclusive remedy of the workers' compensation coverage."). The Supreme Court of South Carolina recently reiterated that the only exceptions to the exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations. Cason v. Duke Energy Corp., 560 S.E.2d

---

[1]This section provides, in part:
    The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

S.C. Code Ann. § 42-1-540

891, 893 (S.C. 2002). Plaintiff's claims do not fall under these exceptions, and the undersigned finds that the exclusivity provisions of the SCWCA prohibit these claims in this court.

Based on the foregoing, the undersigned recommends that DJJ's motion be **granted**, and the claims for intentional infliction of emotional distress and negligence in failing to provide a safe workplace be dismissed.

>Respectfully submitted,
>
>s/Joseph R. McCrorey
>United States Magistrate Judge

September 26, 2005
Columbia, South Carolina