IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Virginia A. Johnson,** ) | C/A 3:05-834-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **South Carolina Department of Juvenile** ) | |
| **Justice and Wally Godbolt, Jr.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action against her employer, Defendant South Carolina Department of Juvenile Justice, and Defendant Wally Godbolt, Jr., a supervisor, claiming sexual harassment and retaliation in violation of Title VII and the South Carolina Human Affairs Law. Plaintiff alleges the sexual harassment was committed by Defendant Godbolt, Jr., and alleges supplemental claims for intentional infliction of emotional distress and negligence (failure to provide a safe workplace) against Defendant South Carolina Department of Juvenile Justice. Defendant South Carolina Department of Juvenile Justice filed a motion to dismiss these two supplemental claims. Plaintiff did not file a response to the motion.

In accordance with this court's order of reference and 28 U.S.C. § 636(b)(1)(B), this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a

specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that Defendant South Carolina Department of Juvenile Justice's motion to dismiss be **GRANTED** and the claims for intentional infliction of emotional distress and negligence in failing to provide a safe workplace be *dismissed*. No objection to the recommendation has been filed and the time for doing so has expired.

After reviewing the complaint, the motion, the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Therefore, it is ordered that Defendant South Carolina Department of Juvenile Justice's motion to dismiss is **GRANTED** and the claims for intentional infliction of emotional distress and negligence in failing to provide a safe workplace are *dismissed*.

IT IS SO ORDERED.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
November 1, 2005

C:\temp\notesFFF692\~7662400.wpd